Form 1, P1 (6-90)

## FORM 1 VOLUNTARY PETITION

| United States Bankruptcy Court | VOLUNTARY PETITION |
|---|---|

District of ____

| IN RE (Name of debtor-If individual, enter Last, First, Middle) | NAME OF JOINT DEBTOR (Spouse) (Last, First, Middle) |
|---|---|
| Payroll Express Corporation | ____ |

| ALL OTHER NAMES used by debtor in the last 6 years (Include married, maiden and trade names) | ALL OTHER NAMES used by the joint debtor in the last 6 years (Include married, maiden and trade names.) |
|---|---|
| | 9-2 B 43150 |

| SOC. SEC./TAX I.D. NO. (If more than one, state all) | SOC. SEC./TAX I.D. NO.(If more than one, state all) |
|---|---|
| 22-1858020 | |

| STREET ADDRESS OF DEBTOR (No. and street, city, state, zip) | STREET ADDRESS OF JOINT DEBTOR (No. and street, city, state, zip) |
|---|---|
| 1265 Durant Street<br>Elizabeth, New Jersey 07208 | CASE RELATED TO: 9243149 |

| COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS | COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS |
|---|---|
| Union | |

| MAILING ADDRESS OF DEBTOR (If different from street address) | MAILING ADDRESS OF JOINT DEBTOR (If different from street address) |
|---|---|
| | BK JUDGE BLACKSHEAR |

| LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If different from addresses listed above) | Debtor has been domiciled or has had a residence, principal place of business or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br>There is a bankruptcy case concerning debtor's affiliate, general partner or partnership pending in this District. |
|---|---|

### INFORMATION REGARDING DEBTOR (Check applicable boxes)

| TYPE OF DEBTOR | CHAPTER OR SECTION OF BANKRUPTCY CODE UNDER WHICH THE PETITION IS FILED (Check one box) |
|---|---|
| ☐ Individual   ☐ Corporation Publicly Held | ☐ Chapter 7   ☒ Chapter 11   ☐ Chapter 13 |
| ☐ Joint (H&W)   ☒ Corporation Not Publicly Held | ☐ Chapter 9   ☐ Chapter 12   ☐ § 304-Case Ancillary to Foreign Proceeding |
| ☐ Partnership   ☐ Municipality | |
| ☐ Other _____ | FILING FEE (Check one box) |

NATURE OF DEBT

☐ Non-Business Consumer    ☐ Business - Complete A&B below

A. TYPE OF BUSINESS (check one box)

☐ Farming          ☐ Transportation     ☐ Commodity Broker
☐ Professional     ☐ Manufacturing/     ☐ Construction
☐ Retail/Wholesale    Mining            ☐ Real Estate
☐ Railroad         ☐ Stockbroker        ☐ Other Business

B. BRIEFLY DESCRIBE NATURE OF BUSINESS

Payroll Distribution Service for private companies in New Jersey and New York.

FILING FEE (Check one box)

☐ Filing fee attached.

☐ Filing fee to be paid in installments. (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). see Offical Form No..3

NAME AND ADDRESS OF LAW FIRM OR ATTORNEY

Milgrim Thomajan & Lee P.C.
53 Wall Street
New York, New York 10005
Telephone No. (212) 858-5300

NAME(S) OF ATTORNEY(S) DESIGNATED TO REPRESENT THE DEBTOR

Leon C. Marcus, Robert F. Fink

☐ Debtor is not represented by an attorney

| STATISTICAL ADMINISTRATIVE INFORMATION (28 U.S.C. § 604) (Estimates only) (Check applicable boxes) | THIS SPACE FOR COURT USE ONLY |
|---|---|

☒ Debtor estimates that funds will be available for distribution to unsecured creditors.

☐ Debtor estimates that after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

ESTIMATED NUMBER OF CREDITORS
☐ 1-15   ☐ 16-49   ☐ 50-99   ☐ 100-199   ☒ 200-999   ☐ 1000-over

ESTIMATED ASSETS (in thousands of dollars)
☐ Under 50   ☐ 50-99   ☐ 100-499   ☐ 500-999   ☒ 1000-9999   ☐ 10,000-99,000   ☐ over 100,000

ESTIMATED LIABILITIES (in thousands of dollars)
☐ Under 50   ☐ 50-99   ☐ 100-499   ☐ 500-999   ☐ 1000-9999   ☒ 10,000-99,000   ☐ over 100,000

ESTIMATED NUMBER OF EMPLOYEES -CH 11 & 12 ONLY
☐ 0   ☒ 1-19   ☐ 20-99   ☐ 100-999   ☐ 1000-over

ESTIMATED NO. OF EQUITY SECURITY HOLDERS - CH 11 & 12 ONLY
☐ 0   ☒ 1-19   ☐ 20-99   ☐ 100-499   ☐ 500-over

RECEIVED U.S. BANKRUPTCY COURT S.D. OF N.Y. JUN 5 11 44 AM '92

Name of Debtor  Payroll Express Corp.    Case No. _____

(Court use only)

## FILING OF PLAN

For Chapter 9, 11,12 and 13 cases only. Check appropriate box.

☐ A copy of debtor's proposed plan dated _____ is attached.

☒ Debtor intends to file a plan within the time allowed by statute, rule, or order of the court.

### PRIOR BANKRUPTCY CASE FILED WITHIN LAST 6 YEARS (If more than one, attach additional sheet)

| Location Where Filed | Case Number | Date Filed |
|---|---|---|
| ---- | | |

### PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER, OR AFFILIATE OF THIS DEBTOR (If more than one, attach additional sheet.)

| Name of Debtor | Case Number | Date |
|---|---|---|
| Payroll Express Corp. of New York | | |
| Relationship | District | Judge |

## REQUEST FOR RELIEF

Debtor requests relief in accordance with the chapter of title II, United States Code, specified in this petition.

## SIGNATURES

### ATTORNEY

X _Robert T. Fink_____    Date 6/5/92    _signature_ SC-4354

Signature

| INDIVIDUAL / JOINT DEBTOR(S) | CORPORATE OR PARTNERSHIP DEBTOR |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct, and that the filing of this petition on behalf of the debtor has been authorized. |
| X _____ <br> Signature of Debtor <br> Date | X _Barbara M. Felzenberg_ <br> Signature of Authorized Individual <br><br> Barbara Felzenberg <br> Print or Type Name of Authorized Individual |
| X _____ <br> Signature of Joint Debtor <br> Date | Secretary <br> Title of Individual Authorized by Debtor to File this Petition <br> Date _Jan 5, 1992_ |

### EXHIBIT "A" ( To be completed if debtor is a corporation requesting relief under chapter 11.)

☐ Exhibit "A" is attached and made a part of this petition.

### TO BE COMPLETED BY INDIVIDUAL CHAPTER 7 DEBTOR WITH PRIMARILY CONSUMER DEBTS (See P.L. 98-353 § 322)

I am aware that I may proceed under chapter 7,11,12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7 of such title.

If I am represented by an attorney, exhibit "B" has been completed.

X _____    Date
Signature of Debtor

X _____    Date
Signature of Joint Debtor

### EXHIBIT "B" (To be completed by attorney for individual chapter 7 debtor(s) with primarily consumer debts.)

I, the attorney for the debtor(s) named in the foregoing petition, declare that I have informed the debtor(s) that (he, she, or they ) may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____    Date
Signature of Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x
                              :
In re                         :
                              :  Chapter 11
PAYROLL EXPRESS CORPORATION,  :  Case No. 92-B_____ (___)
                              :
                   Debtor.    :
                              :
- - - - - - - - - - - - - - - x

## EXHIBIT A TO VOLUNTARY PETITION

1. Debtor's employer identification number is 22-1858020.

2. The Debtor has no securities registered under section 12 of the Securities and Exchange Act of 1934.

3. The following financial data is the latest available information and refers to the Debtor's condition on June 1, 1992.

| | | |
|---|---|---|
| a. | Total assets | $ 5,895,000 |
| b. | Total liabilities | $30,972,000 |

| | | Approximate number of holders |
|---|---|---|
| Fixed, liquidated secured debt | $4,730,000 | 1 |
| Contingent secured debt | $0 | 0 |

|  |  | Approximate number of holders |
|---|---|---|
| Disputed secured debt | $0 | 0 |
| Unliquidated secured debt | $0 | 0 |
| Fixed, liquidated unsecured debt | Approximately $24,872,000 | 350 |
| Contingent unsecured debt | $0 | 0 |
| Disputed unsecured debt | $0 | 0 |
| Unliquidated unsecured debt | $0 | 0 |
| Number of shares of preferred stock | 0 |  |
| Number of shares of common stock | 100 | 2 |

4.  The Debtor is a privately held corporation engaged in the business of payroll distribution services for private and public employers in New Jersey and New York. The Debtor cashed checks for its customers' employees on payday at each of its customers' places of business. Debtor also sold money orders to customers' employees.

5.  The Debtor is directly owned and controlled by Robert and Barbara Felzenberg, each of whom owns and votes 50% of the common stock.

6. The Debtor does not directly own or control 20% or more of the shares of any corporation. The Felzenbergs own, control or hold, with power to vote 20% or more of the shares of the following corporations:

Payroll Express Corporation of New York
Stephen Blair Investment Co.
Stephen Blair Apartments, Inc.
Sam Louis Shipping Company
Sisina Shrimps Shipping Company

## CERTIFICATE OF RESOLUTION

I, Barbara Felzenberg, Secretary of Payroll Express Corporation, a New Jersey corporation (the "**Corporation**"), hereby certify that at the special meeting of the stockholders of the Corporation duly called and held on June 4, 1992, the following resolutions were duly adopted in accordance with the requirements of the applicable New Jersey corporation law and that said resolutions have not been modified or rescinded, and are still in full force and effect on the date hereof:

> RESOLVED, that in the judgment of the stockholders it is desirable and in the best interests of the Corporation, its creditors, employees, and other interested parties that a petition be filed by the Corporation seeking relief under the provisions of Chapter 11 of Title 11, United States Code;

> RESOLVED, that the President and Secretary of the Corporation (the "**Authorized Officers**") are, and each of them is, hereby authorized and empowered on behalf of, and in the name of, the Corporation to execute and verify or certify a petition under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") at such time as said officer executing the same shall determine;

> RESOLVED, that subject to approval of the Bankruptcy Court, Milgrim Thomajan & Lee P.C., 53 Wall Street, New York, New York, 10005, is hereby employed as attorneys for the Corporation in the Corporation's Chapter 11 case under a general retainer;

> RESOLVED that each of its Authorized Officers be, and hereby is, authorized to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and in that connection, to employ and retain all assistance by legal counsel, accountants, and other professionals, and to take any and perform any and all further acts and deeds which they deem necessary, proper, and desirable in

connection with the Chapter 11 Case, with a view to the successful prosecution of such case;

RESOLVED, that counsel is authorized to request the Bankruptcy Court to authorize the appointment of Mr. Andrew M. Miller, a certified public account, as a responsible person to manage the affairs of the Corporation.

IN WITNESS WHEREOF, I have hereunto set my hand this 5th day of June 1992.

_____
BARBARA FELZENBERG
Secretary

## SCHEDULE OF AFFILIATES

      Simultaneously with the filing of this petition, the Debtor's affiliate Payroll Express Corporation of New York will file a voluntary chapter 11 petition with this Court.

## PAYROLL EXPRESS CORPORATION
## LISTING OF ASSETS AND LIABILITIES
## AS OF JUNE 1, 1992

ASSETS

| | |
|---|---:|
| Cash | $ 170,000 |
| Accounts Receivable | 1,600,000 |
| Real Estate and Fixed Assets | 2,200,000 |
| Due from Affiliates | 1,725,000 |
| Other | 200,000 |
| | $5,895,000 |

LIABILITIES

| | |
|---|---:|
| Due to Customers | 18,972,000 |
| Overdraft/Bank Loans | 10,630,000 |
| Travellers Express | 1,000,000 |
| | $30,602,000 |
| Equity/(Deficit) | ($24,707,000) |

Based on summary information provided by G. Gillmore and Y. Tabanpour.

H:LCJ\PEC\ASSET.LST

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x
                              :
In re                         :
                              :  Chapter 11
PAYROLL EXPRESS CORPORATION,  :  Case No. 92-B_____ (___)
                              :
                 Debtor.      :  Tax Identification No.
                              :  22-1858020
- - - - - - - - - - - - - - - x

## AFFIDAVIT UNDER LOCAL BANKRUPTCY RULE 52

STATE OF NEW YORK   )
                    : ss.:
COUNTY OF NEW YORK  )

ROBERT M. FELZENBERG, under the penalty of perjury, affirms:

1.  I am President of Payroll Express Corporation, the above-named debtor ("**PEC**" or the "**Debtor**"), and I am familiar with the Debtor's business and financial condition.

2.  I submit this affidavit pursuant to Local Rule 52 and in support of the Debtor's petition for relief under Chapter 11 of Title 11, United States Code (the "**Bankruptcy Code**"). Unless otherwise indicated, I have personal knowledge of the facts set forth herein.

3.  Unless otherwise indicated, the financial information set forth in this affidavit is unaudited.

4.  Neither a case under the former Bankruptcy Act nor a case under the Bankruptcy Code is pending by or against the Debtor.

5.  To the best of my knowledge, an ad hoc group of creditors of PEC and its affiliate Payroll Express Corporation of New York ("**PECNY**") (a voluntary Chapter 11 petition for PECNY is being filed simultaneously with this petition) PECNY was formed on June 3, 1992 at a meeting of those PEC creditors who have claims against the Debtor of approximately $40,000 or more.  The meeting was called by the Debtor and its counsel, Milgrim Thomajan & Lee P.C., to apprise the creditors of the Debtor's financial condition.  I have been advised that the committee consists of the following eleven of the Debtor's largest creditors:

> Beth Israel/St. Lukes Hospital
> c/o Steven Obus, Esq.
> Proskauer Rose Goetz & Mendelsohn
> 1585 Broadway
> New York, NY  10036
>
> Victory Memorial Hospital
> Mr. Jeffrey Narod
> 699 92nd Street
> Brooklyn, NY
>
> Saks Fifth Avenue
> c/o Jeffrey Rich, Esq.
> Winick & Rich
> 919 Third Avenue
> New York, NY

New York University
  Medical Center
Mr. Robert P. Walton
70 Washington Square S.
New York, NY  10012

Jersey City Medical Center
Kevin R. Jespersen, Esq.
Norris, McLoughlin & Moriss
Somerville, NJ

Long Island College Hospital
C. Murray Adams
Vice President for Legal Affairs
340 Henry Street
Brooklyn, NY  11201

E. Gluck & Co.
c/o David Rosner, Esq.
Mudge Rose Guthrie Alexander
  & Ferdon
180 Maiden Lane
New York, NY

Lutheran Medical Center
Martin E. Haubrich
Assistant V.P. - Finance
150-55th Street
Brooklyn, NY  11220

Jewish Home & Hospital
Eli Greenberg
270 Madison Avenue
New York, NY  10016

First Fidelity Bank
Mr. Richard Parpey
550 Broad Street
Newark, NJ  07102

Travelers Express Company
Larry Henson, Esq.
1550 Utica Avenue S.
Minneapolis, MN  55416


        6.    Pursuant to Federal Rule of Bankruptcy Procedure

1007(d) and Local Bankruptcy Rule 52(a)(3), a list prepared by

counsel from the Debtor's books and records of the names,

addresses and telephone numbers of the creditors of the Debtor holding the twenty (20) largest unsecured claims, as of June 3, 1992, excluding insiders, together with the names of the persons familiar with the Debtor's account, the amount of each claim and, if appropriate, an indication of whether such claim is contingent, unliquidated, disputed or partially secured, is set forth on Schedule 1 which is annexed.

## Description of the Business

7.    PEC was formed in New Jersey in 1967 by me and my brother to engage in the business of cashing payroll checks for employer customers.  In 1986, my wife and I formed PECNY to bid on a proposed contract with the City of New York to cash checks for city employees.  PECNY was awarded that contract, which was renewed in 1989.  The combined check cashing operations of PEC and PECNY grew over two decades into a business that cashed payroll checks of at least $1 billion per year.  PEC and PECNY also sold money orders.

8.    PEC and PECNY offered employers a uniquely efficient system for cashing employee payroll checks.  The per employee time required to cash a check through PEC and PECNY was markedly lower than other, similar services.  PEC and PECNY typically received a wire transfer of funds from a customer in advance of the customer's pay day.  PEC and PECNY then prepackaged cash for the amount of payroll checks they expected

would be cashed and delivered the cash to the customer's location where PEC and PECNY would cash checks for the customer's employees pursuant to procedures established with the customer. PEC and PECNY would thereafter return to the customer any funds they received through the wire transfer which were not disbursed to employees (the "**excess funds**"). All customer funds and any excess funds were held with PEC and PECNY funds in common bank accounts of the Debtors.

## Circumstances Leading to the Chapter 11 Filing

9.    PEC and PECNY began to loan the excess funds to other affiliated entities to be used in their business operations. Over the course of the past year, the amount of excess funds loaned to affiliates grew. The excess funds were always repaid to PEC and PECNY's customers, but sometimes after a brief delay to assure the availability of sufficient funds to cover the repayments. Occasionally, repayments were processed faster than the infusion of new funds because PEC's banks typically permitted PEC to overdraw on a short-term basis.

10.   Recently, one of PEC's banks, National Westminster Bank, USA ("**NatWest**"), asked PEC to reduce the volume of outstanding overdrafts from approximately $9 million to between $4 million and $5 million. On or about May 21, 1992, NatWest ceased honoring PEC checks. On or about May 28, 1992, PEC and PECNY began notifying their customers to cease making wire

transfers into PEC's operating account at United Jersey Bank ("UJB") for further payrolls, effectively ceasing all operations. At the time, PEC and PECNY lacked sufficient funds to return all excess funds due to their customers. The amount of PEC's obligations to customers is unsettled at this time, but it is at least millions of dollars; it is clear only that PEC and PECNY have insufficient assets to repay all customers in full for amounts previously transmitted to PEC and PECNY for employee payrolls.

11. In order to facilitate a prompt resolution of the Debtors' business affairs, on June 3, 1992, counsel for PEC and PECNY met with creditors of PEC and PECNY having claims in excess of $40,000 to describe the Debtors' financial condition and steps the companies and my wife and I have agreed to undertake to liquidate their and our assets for the benefit of the Debtors' creditors.

12. My wife and I have agreed to waive all claims we may have against the Debtors and have stated our intention to contribute our personal assets to satisfy claims of the Debtors' creditors as part of a Chapter 11 plan.

13. At the Debtors' request, on June 1, 1992 Price Waterhouse began an exhaustive investigation of the companies' books and records, as well as their physical assets, and has reported its preliminary findings to PEC and PECNY, their counsel

and their creditors. This effort is led by Andrew M. Miller, a member of Price Waterhouse.

14. Simultaneously with the filing of the Debtors' petitions, the Debtors are filing a motion seeking the appointment of Mr. Miller as their "responsible person". The Debtors will seek a hearing on that motion on an expedited basis through an order to show cause.

15. A summary of the assets and liabilities of the Debtor based on available information is set forth in Exhibit A to its Chapter 11 petition.

16. None of the shares of the Debtor's stock are publicly held; the Debtor has issued no debentures, other debt securities or preferred stock.

17. On June 1, 1992, the Debtor deposited funds in its possession with Milgrim Thomajan & Lee P.C., its counsel, where the funds continue to be held in an escrow account. No other property of the Debtor is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such person.

18. To the best of my knowledge, two actions or proceedings are pending or threatened against the Debtor or its

property where a judgment against the Debtor or a seizure of its property may be imminent:

(a) <u>Kingsbrook Jewish Medical Center v. Payroll Express Corp. and United Jersey Bank</u>, 92 Civ. 2537, filed in the United States District Court for the Eastern District of New York on May 29, 1992. In that action, the plaintiff, a former customer of PEC, asserted breach of contract, conversion, breach of trust or constructive trust, and breach of fiduciary duty claims based on the defendants' alleged refusal to return $425,000 that the plaintiff had wired to PEC's account at UJB to cover its payroll. The plaintiff seeks $425,000, plus $1,000,000 in consequential and punitive damages. It has also sought a temporary restraining order prohibiting either defendant from transferring assets out of PEC's account, an order of attachment against the assets of both defendants, and partial summary judgment awarding it the return of $425,000. By consent of the parties, a temporary restraining order will remain in place until June 5, when a status conference will be held.

(b) <u>Frederick Atkins Company, Inc. v. Payroll Express Corp. and Robert M. Felzenberg</u>, 92 Cir. 2317, filed in the United States District Court for the District of New Jersey on June 2, 1992. In this action, the

plaintiff asserts claims against PEC based on conversion, unjust enrichment and fraud arising out of on PEC's alleged refusal to return $60,000 that the plaintiff had wired to PEC's account at UJB to cover its payroll. On June 2, 1992 the court entered a temporary restraining order prohibiting the Debtor and me from transferring or paying any of the assets of either pending a hearing on June 8, 1992 on the plaintiff's request for a temporary restraining order attaching any and all of my assets or those of the Debtor. The Debtor also received on June 3, 1992 grand jury subpoenas duces tecum from the United States Attorney for the Southern District of New York and the County Prosecutor for Mercer County, New Jersey, requesting various of the Debtors' books and records. Counsel for the Debtors have been in contact with each requesting agency, and, with the assistance of Price Waterhouse, are in the process of marshalling the documents requested. The Debtors intend to comply fully with the subpoenas.

19. PEC and PECNY together operated their business at leased premises at 1265 Durant Street, Elizabeth, New Jersey, at 225 Broadway, New York, New York, and at 500 Cherry Lane, Floral Park, New York.

20. The Debtors' substantial assets are located at 1265 Durant Street, Elizabeth, New Jersey and 500 Cherry Lane, Floral Park, New York. The Debtors' books and records for the period approximately 1988 through 1992 are located at 1265 Durant Street, Elizabeth, New Jersey; all books and records for earlier periods are located at 295, 297 and 299 Lyons Avenue, Newark, New Jersey.

21. The Debtor does not intend to continue in the business of cashing payroll checks. The Debtor has discharged all but approximately six of its employees to assist the Debtors' proposed responsible person in his review of the Debtors' books and records and his liquidation of the Debtors' assets. The estimated amount of the weekly payroll to such employees for the next thirty days is $25,000.

22. The Debtor proposes to make no payments to officers, stockholders or directors at any time during this Chapter 11 case.

_____, President
ROBERT M. FELZENBERG

Affirmed before me this
5th day of June 1992

_____
Notary Public

LINDA C. JAMESON
NOTARY PUBLIC, State of New York
No. 31-4989644
Qualified in New York County
Commission Expires December 16, 1993

10

| | Approximate Amount Owed |
|---|---|
| Kingsbrook Jewish<br>Lester, Schwab, Katz,<br>120 Broadway<br>New York, NY  10271<br>Attn:  Robert Benowitz<br>(212) 964-6611 | 425,000 |
| K-Mart Apparel<br>7373 Westside Avenue<br>N. Bergen, NJ  07047<br>(201) 861-9100 | 285,000 |
| Lutheran Medical<br>150 55th Street<br>Brooklyn, NY  11209<br>D.J. Lodato, Esq.<br>Martin E. Haubrich<br>(718) 630-7100 | 700,000 |
| L.I. College Hospital<br>Hicks Street at Atlantic Avenue<br>Brooklyn, NY  11201<br>(718) 780-1000 | 500,000 |
| Manhattan Eye, Ear and<br>  Throat Hospital<br>210 East 64th Street<br>New York, NY<br>R. Farkowski<br>(212) 625-3714 | 235,000 |
| Methodist Hospital<br>506 Sixth Street<br>Brooklyn, NY  11215<br>(718) 780-3000 | 310,000 |
| New York Downtown Hospital<br>170 William Street<br>New York, NY  10038<br>(212) 312-5000 | 375,000 |

| | |
|---|---:|
| New York University<br>246 Greene Street<br>Rm. 706 - Kimball<br>New York, NY<br>Thomas Lawrence | 672,500 |
| NYU Medical Center<br>550 First Avenue<br>MSB 153<br>New York, New York  10016<br>Annette Johnson | 475,000 |
| St. Josephs Hospital<br>158-40 79th Avenue<br>Flushing, NY  11366<br>(718) 591-1000 | 220,000 |
| St. Lukes Roosevelt<br>Proskauer, Rose<br>1585 Broadway<br>New York, NY  10036<br>Attn: Steven Obus<br>(212) 523-3617 | 1,200,000 |
| United Cerebral Palsy<br>370 Seventh Avenue<br>New York, NY<br>(212) 268-6655 | 170,000 |
| United Jersey Bank<br>25 East Salem Street<br>Hackensack, New Jersey  07602<br>(201) 646-5000 | 5,900,000 |
| Victory Mem. Hospital<br>9036 Seventh Avenue<br>Brooklyn, NY  11228<br>(718) 630-1234 | 203,973 |

# TWENTY LARGEST UNSECURED CREDITORS OF
## PAYROLL EXPRESS CORPORATION

|  | Approximate<br>Amount Owed |
|---|---|
| Amstar<br>49 South Second Street<br>Brooklyn, NY 11211<br>(718) 387-6800<br>Jim Hubber<br>David W. Philippy | $ 350,000 |
| AT&T Communications<br>440 Hamilton Avenue<br>White Plains, NY 10601<br>(914) 397-5000 | 556,999 |
| Beth Israel Hospital<br>(212) 969-3000<br>Proskauer, Rose<br>1585 Broadway<br>New York, NY 10036<br>Attn: Steven Obus | 44,000 |
| Beth Israel North<br>(212) 969-3000<br>Proskauer, Rose<br>1585 Broadway<br>New York, NY 10036<br>Attn: Steven Obus | 300,000 |
| Flushing Hospital Medical Center<br>45th Avenue at Parsons Boulevard<br>Flushing, NY 11355<br>(718) 670-5468 | 170,000 |
| Hebrew Home for the<br>  Aged at Riverdale<br>5901 Palisade Avenue<br>Riverdale, NY 10471<br>Isaiah Levy<br>(212) 549-8700 | 238,000 |
| J.C. Medical Center<br>50 Baldwin Avenue<br>Jersey City, NY<br>Steven Calabrese<br>(201) 915-2103 | 570,000 |